**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HENRY LOPEZ,

Defendant–Appellant.

No. 06-2197

(D.C. No. 05-CR-1417-RB)

(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

Appellant Henry Lopez challenges the admission of certain testimony offered by a government witness as a violation of Federal Rules of Evidence 404(b) and 403. Appellant was convicted by a jury for conspiracy to import fifty kilograms or more of marijuana, in violation of 21 U.S.C. § 963, and sentenced to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

fifty-one months' imprisonment. The facts elicited at trial show that Appellant offered Cruis Orozco money in exchange for driving a vehicle from New Mexico into Mexico, where two men met Mr. Orozco, loaded the vehicle with marijuana, and brought the vehicle back to Mr. Orozco for the return trip to New Mexico. Mr. Orozco was apprehended at the border and later confessed. He testified against Appellant at trial.

Anthony Flores and Priscilla Dominguez, friends of Mr. Orozco, testified that Appellant offered them money in exchange for transporting drugs across the border; both declined to participate. Appellant's counsel objected to the proffered testimony of Ms. Dominguez, Mr. Flores' girlfriend, that Appellant told her that people in Mexico wanted to kill Mr. Flores and Mr. Orozco.

Admission of evidence under Fed. R. Evid. 404(b) is reviewed for abuse of discretion. *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006). We do not reverse a district court's ruling "if 'it fall[s] within the bounds of permissible choice in the circumstances' and is not 'arbitrary, capricious or whimsical.'" *Id.* (alteration in original) (quoting *United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997)). Rule 404(b) governs the admission of "other crimes, wrongs, or acts," and a ruling on Rule 404(b) admissibility requires that we examine the following four factors: "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the

defendant so requests." *Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

The district court admitted the statement as evidence of Appellant's knowledge of the conspiracy. In conjunction with Ms. Dominguez's earlier testimony that Appellant had approached her on a prior occasion to inform her that the police were looking for Mr. Flores because Mr. Orozco had "snitched" (Trial Tr. at 133), the objected-to statement was evidence of Appellant's knowledge of and participation in the conspiracy. Although the district court acknowledged the prejudicial nature of the comment, it found—and we agree—that it was not more prejudicial than probative. The district court also issued a limiting instruction. Accordingly, we cannot say that the district court abused its discretion in admitting this testimony.

Regardless, any error in admitting this testimony was harmless given the overwhelming evidence presented at trial against Appellant. This evidence included the detailed testimony of Mr. Orozco about the conspiracy, the testimony of Mr. Flores and Ms. Dominguez regarding Appellant's attempted solicitation of them in the drug-smuggling enterprise, and the admission of records establishing that the vehicle Mr. Orozco was driving belonged to Appellant.

Accordingly, because the Rule 404(b) testimony of Ms. Dominguez was not admitted in error, the conviction is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge